WILL GRAY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—INFORMATION—SUFFICIENCY OF.

Under the provisions of Section 3962 General Statutes of 1906 it is not error to deny a motion in arrest of judgment based upon an alleged insufficiency of the information, when such information is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record, Duval County.

The facts in the case are stated in the opinion of the court.

*L. F. Bothers,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—In the Criminal Court of Record for Duval County the following information was filed against the plaintiff in error, viz:

"In the name and by the authority of the State of Florida:

DeWitt T. Gray, County Solicitor for the County of Duval, prosecuting for the State of Florida, in the said county, under oath information makes that Will Gray of the County of Duval and State of Florida, on the 17th day of April in the year of our Lord one thousand nine hundred and nine, in the County and State aforesaid, with a certain deadly weapon, to-wit, a knife, which he then and there had and held in and upon one George Walker, with a premeditated design and intent him, the said George Walker then and there unlawfully to kill and murder, then and there an assault did make, and him the said George Walker, did then and there beat, bruise, wound and illtreat, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

Upon this information he was tried and convicted of assault with intent to commit manslaughter, and brings the judgment here for review by writ of error.

Two questions are presented here * first, the sufficiency of. the information which was questioned by motion in arrest, which motion was overruled * and, second the sufficiency of the evidence to support the verdict.

As to the sufficiency of the information, it is substantially the same as the information tested and upheld in the case of Pyke v. State, 47 Fla. 93, 36 South. Rep. 577, and we see no reason for overturning the reasoning and results of that case, particularly when the assault upon the information was postponed until after verdict. We do not think that the information is either so vague, indefinite or deficient as to have misled the accused or embarrass him in the preparation of his defense, or expose him after conviction to substantial danger of a second prosecution for the same offense. Section 3962, General Statutes of 1906.

Without going into any fruitless discussion of it in detail, we are of the opinion that the verdict returned is amply sustained by the proofs.

Finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of Duval County, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J. and COCKRELL and SHACKLEFORD, JJ., concur in the opinion.