J. B. EDWARDS, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. Where the language of an information is not so vague, indistinct and indefinite as to mislead the accused or embarrass him in the preparation of his defense, or to expose him after a

conviction (or acquittal) to substantial danger of a new prosecution, the information is sufficient to withstand a motion to quash or a motion in arrest of judgment.

2. Before a court would be justified in holding a Act of the Legislature unconstitutional, it must plainly appear to be so.

3. The Legislature has a large discretion in dealing with the question of usury, and its classifications are not to be disturbed by the courts, unless they are plainly unreasonable, arbitrary or oppressive, and thus considered, Chapter 5960, Laws of 1909, is not unconstitutional because of the provisions of Secs. 2 and 5.

4. Where a defendant requested eight instructions which were refused, and this ruling was excepted to *en masse*, the court must have erred as to each instruction to make its ruling a ground of error.

5. If statute makes it punishable to do a particular thing specified, *or* another thing, *or* another, one commits the offense who does any one of the things, or any two or more, or all of them.

6. If the evidence of the defendant proves a fact, the court commits no reversable error in assuming in his charge that such a fact exists.

This case was decided by Division B.

Writ of error to the Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

Hocker, J.—The plaintiff in error presents two assignments based on the action of the trial Court in overruling a motion to quash the information on which he was convicted, and a motion in arrest of judgment. Both motions questioned the sufficiency of the information. The count on which the plaintiff in error was convicted is as follows:

"Second Count. And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes that J. B. Edwards, of the county aforesaid, on the 10th day of September, A. D. 1909, at and in the county aforesaid, being the agent and representative of the Mobile Brokerage Company and the Fisher Credit Company, which said Companies were engaged in lending money in this State, did then and there make a loan of eighteen dollars as such agent and representative to one P. F. Askegren for a period of three months, and did then and there wilfully and knowingly charge and accept a sum of money greater than said sum so loaned, and an additional sum of money equal to twenty-five per cent per annum upon said sum so loaned, to-wit: the sum of Nine Dollars; against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

Scott M. Loftin,

County Solicitor, Escambia County, Florida."

The contention here is that the information charges no offense under the statute, or charges the offense so vaguely and defectively as to embarrass the defendant in making his defense.

The information is based on the fifth section of Chapter 5960 Laws of 1909. It is as follows:

"Sec. 5. Any person, association of persons, firm or corporation, or the agent, officer or other representative

of any person, association of persons, firm or corporation lending money in this State who shall wilfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per centum per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article, assignment of salary or wages, inspection fees or other fees, or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days, or both in the discretion of the Court."

The language of the information might probably have been more definite in stating the offense, but we are unable to say that it is so vague, indistinct, and indefinite as to mislead the accused or embarrass him in the preparation of his defense, or to expose him after conviction (or acquittal) to substantial danger of a new prosecution. We think it is sufficiently plain that the defendant is charged with lending $18.00, for three months and for this loan that he received $9.00, or more than 25 per cent on the principal sum, and that this charge presents a violation of the statute. Gray v. State, 58 Fla. 54, 50 South. Rep. 538; Johnson v. State, 58 Fla. 68, 50 South, Rep. 529.

The next question presented is that chapter 5960 Laws of 1909 is unconstitutional, first, because section 5 unreasonably limits the right of borrower and lender to contract without regard to whether such contract is a cover for usury or not, and that it prohibits brokerage fees; and,

secondly, because section 2 excepts from its provisions "sales of bonds in excess of one hundred dollars and mortgages securing the same, or money loaned on bonds." No authority is cited by plaintiff in error involving like conditions in support of this contention.

It must plainly appear that a statute is unconstitutional before this court would be justified in so holding. This is settled law in this State. These sections were intended to reach different classes of cases. Those described in section 5 were evidently regarded by the legislature as affording peculiar opportunities for abuse and oppression, and not usually embraced in the ordinary usury statutes. It seems to us that the legislature had in mind certain practical differences in the classifications which are expressed involving the public interest. Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001; King Lumber & Mfg. Co. v. Atlantic Coast Line R. Co., 58 Fla. 292, 50 South. Rep. 509. The legislature has a large discretion in dealing with the question of usury, and its classifications are not to be disturbed by the courts unless plainly unconstitutional, because they are unreasonable, arbitrary or oppressive. See Note to Re K. Sohnke, 2 L. R. A. (N. S.) 813; State ex rel. Ornstein v. Cary, 126 Wis. 135, 105 N. W. Rep. 792, 11 L. R. A. (N. S.) 174, and note; France, Admr. v. Munro, 138 Iowa 1, 115 N. W. Rep. 577, 19 L. R. A. (N. S.) 391 and note. It does not seem to us that the chapter under consideration is plainly unconstitutional.

Eight instructions were requested by the defendant, and the record shows that the court "refused to give said charges, or either of them, to which refusal the defendant, by his attorneys, then and there excepted."

The foregoing quotation from the record shows that there was a general exception en masse to the ruling re-

fusing the instructions. The rule in such a case, as insisted upon by the Attorney General, is that if any one of the instructions was properly refused, the objection fails. Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462; Parnell v. State, 47 Fla. 90, 36 South. Rep. 165; Metzger v. State, 18 Fla. 481. It is sufficient to say that instruction numbered 6 ignored the undisputed evidence in the case. It assumes that the evidence showed that the defendant purchased the salary of P. F. Askegren, instead of making a loan of money to him on the security of an assignment of Askegren's salary. This assumption was unwarranted. The defendant himself states that he loaned the money to Askegren. He states that he was engaged in lending the money of The Fisher Credit Company and lent its money then in his possession to Askegren. This instruction was not warranted by the evidence, and under the cited rulings it is not necessary to notice the arguments made on the other refused instructions.

In his motion for a new trial the defendant excepted to the following charge to the jury given by the Court: "If you believe from the evidence that the defendant J. B. Edwards, being the agent or representative of either The Mobile Brokerage Company or The Fisher Credit Company, which said companies were engaged in lending monies in this State, did make a loan of $18.00, as such agent or representative to P. F. Askegren ' for three months, and did wilfully and knowingly charge or accept a sum of money greater than sum so loaned and an addi tional sum of money equal to 25 per cent per annum upon the said sum so loaned, to-wit: the sum of nine dollars, by any contract, contrivance or device whatever, directly or indirectly, by way of brokerage fees, interest or assign- ment of salary or wages, then you will find

the defendant not guilty under the second count; and it will be immaterial whether or not the brokerage fees or interest were charged or accepted by the defendant as agent or representative of one of the said companies, and the loan was made by him as the agent or representative of the other company."

The first objection to this charge is that it directs the jury to find the defendant guilty if they find from the evidence that he charged or accepted, etc., as the agent or representative of either the Mobile Brokerage Company or the Fisher Credit Company, whereas in the information he is charged as being the agent of both companies, and there is no evidence that the Mobile Brokerage Company ever authorized any loan to be made. The evidence of the defendant himself makes it plain that he represented both of these companies and that there operations were very much intermingled. Of the amount that was charged Askegren for the loan made him, six dollars of it went to the Mobile Company (Almon Cotton) the interest went to the Fisher Credit Company, and what he calls the brokerage fees, either was appropriated by him or went to Almon Cotton (The Mobile Brokerage Company). The safe in defendant's office belonged to The Mobile Brokerage Company, and in it he kept the money of The Fisher Credit Company, which he had on hand for sundry purposes. The defendant would not lend Askegren the money he wanted unless he would borrow enough of the money of the Fisher Credit Company to pay a debt of six dollars he owed the Mobile Brokerage Company.

"If a statute makes it punishable to do a particular thing specified, 'or' another thing 'or' another, one commits the offense who does any one of the things, or any two, or more, or all of them. The indictment may charge

him with any one or with any larger number, at the election of the pleader; employing, if the allegation is of more than one, the conjunction 'and' where 'or' occurs in the statute." Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4. On page 175 Ib. the opinion of the court quotes approvingly from Bishop on Statutory Crimes Sec 244, as follows: "If as is common in legislation, a statute makes it punishable to do a particular thing specified, or another thing or another, one commits the offense who does any one of the things, or any two or more, or all of them." Applying the doctrine thus stated we do not think this objection to the charge is sustained.

The second objection to this portion of the charge is that it assumes as proven that the two companies mentioned were lending money in Florida. We do not think it clear that the charge assumes the existence of any fact, but if it did assume that both companies were lending money in Florida, the evidence of the defendant proves the fact. He was the agent of the Mobile Brokerage Company. This company was owned by Almon Cotton, who was the company, and who lives in Texas. The defendant was his agent in the Mobile Brokerage office. He says in one place that the brokerage fee in this case went to Almon Cotton, who was the Mobile Company, and the interest went to the Fisher Company, who loaned the money to Askegren. The defendant also states that in this transaction he collected a loan of six dollars made by the Mobile Company. The business of both companies was apparently transacted by the defendant in the same office in Pensacola. We find no error in the charge of the Judge.

The judgment below is affirmed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.