## H. Y. TRAYLOR v. STATE.

160 So. 194.
Division B.
Opinion Filed March 14, 1935.
Rehearing Denied April 4, 1935.

*R. C. Horne,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—A writ of error brings for review judgment of conviction against defendant in court below, Plaintiff in

Error here, under an indictment charging the defendant with the offense denounced by Section 5202 R. G. S., 7316 C. G. L., which was in the following language:

"INDICTMENT.

"In the Circuit Court of the Third Judicial Circuit of Florida.

"In and for Madison County; Spring Term, A. D. 1932.

"In the name and by the authority of the State of Florida.

"The Grand Jurors of the State of Florida, duly chosen, empaneled and sworn diligently to enquire and true presentment make in and for the body of the County of Madison, upon their oath present that H. Y. Traylor, whose Christian name is to the Grand Jurors unknown, late of said county, on the 13th day of August, A. D. 1931, in the county and State aforesaid,

"Did then and there unlawfully without the written consent of W. H. Koon, sell and otherwise dispose of to J. C. Black certain personal property to him belonging and in his possession when said personal property was then and there covered by and subject to a valid and existing written lien, to-wit, a mortgage, executed by the said H. Y. Traylor, said mortgage being made in favor of the said W. H. Koon, said mortgage being dated May 7th, 1931, and executed on the same day, and the said W. H. Koon owned and held the said mortgage at the time of the disposal and sale of said personal property, said personal property so sold and disposed of as aforesaid, is described in said mortgage as follows: Nine (9) spotted Poland China Sows, Two (2) Black Poland China Sows, and One (1) Red Duroc Sow; contrary to the form of the Statute in such case, made and provided and against the peace and dignity of the State of Florida."

It is contended that the indictment was not sufficient to

withstand motion in arrest of judgment. We hold the indictment sufficient to withstand such attack on authority of the opinion and judgments of this Court in the cases of Johnson v. State, 51 Fla. 44, 40 Sou. 678; Gray v. State, 58 Fla. 54, 50 Sou. 538; Edwards v. State, 62 Fla. 40, 56 Sou. 401, and cases there cited.

It is also contended that the evidence was not sufficient to sustain the judgment.

A careful study of the record convinces us that the evidence was ample to prove every material element of the defense charged.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.