92 So.2d 259 (1957)
Dewey LONG, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Special Division B.
January 23, 1957.
*260 Rosin & Paderewski, Sarasota, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
LOPEZ, Associate Justice.
On January 26, 1955 an information was filed by William M. Smiley, State Attorney of the Twelfth Judicial Circuit of the State of Florida for Sarasota County, prosecuting for the State of Florida in the County of Sarasota, containing allegations "that Dewey Long late of the County and State aforesaid, on the 21st day of January the year of our Lord One Thousand Nine Hundred and Fifty-five, in the county and state aforesaid did unlawfully and feloniously convey into a cell block of the Sarasota County Jail, a place of confinement, an instrument, to-wit: a piece of wood, commonly referred to as a 2 X 4, which was a thing useful to aid a prisoner in making her escape, * * *."
The Statute under which the information was drawn was the first part of Section 843.11, Florida Statutes Annotated, which reads as follows: "Whoever conveys into a jail or other like place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or, by any means whatever, aids or assists such prisoner in his endeavors to escape therefrom, whether such escape is effected or attempted or not;" shall be punished as provided in that law.
The evidence in this cause shows that the State did not prove that the defendant violated the first part of this Statute. The evidence shows that the appellant may have violated the latter part of the Statute reading as follows: "[whoever] or, by any means whatever, aids or assists such prisoner in his endeavors to escape therefrom, whether such escape is effected or attempted or not;" shall be punished for his act. He was not charged with a violation of this part of the Statute.
The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. The Statute provides a penalty for acts in the disjunctive. The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of the other.
There was little or no evidence upon which the jury could have found the defendant guilty of conveying the 2 X 4 into the cell block, although there may have been sufficient evidence to sustain a conviction of aiding or assisting the prisoner to escape. See 42 C.J.S., Indictments and Informations, § 261, p. 1286; Lewis v. State, Fla., 53 So.2d 707; Booker v. State, 93 Fla. 211, 111 So. 476; Hightower v. State, 39 Ga. App. 674, 148 S.E. 300; Fuller v. State, 120 Tex.Cr.R. 66, 48 S.W.2d 303.
Judgment reversed.
THOMAS, Acting Chief Justice, and ROBERTS and DREW, JJ., concur.