SMITH, Judge.
The appellant (defendant) was charged with the crime of breaking and entering a store house with intent to commit a felony, to-wit: Grand Larceny. After trial, the jury returned a verdict of guilty of breaking and entering a store house with intent to commit a misdemeanor, to-wit: Petty Larceny. The court entered judgment and sentenced him to serve a term of five years in the state prison. The defendant appealed, contending that there was no evidence to establish any breaking on the part of the defendant. For the reasons hereinafter noted, it is unnecessary for us to decide this question.
The crimes set forth in Chapter 810, Florida Statutes, F.S.A., although not all burglary under the common law, have been considered for many years as a species of burglary. State ex rel. Interlandi v. Pette-way, 1934, 114 Fla. 850, 155 So. 319.
A charge of breaking and entering with intent to commit a felony necessarily includes as a lesser offense a violation of Section 810.05, Florida Statutes, F.S.A. Jalbert v. State, Fla.1957, 95 So.2d 589.
Section 810.05, Florida Statutes, F.S.A., provides that:
“Whoever breaks and enters or enters without breaking any * * * store house * * * with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.”
If breaking and entering with intent to commit a misdemeanor is a different degree of crime or a lesser offense than entering without breaking with intent to commit a misdemeanor, it would then become necessary to determine the sufficiency of the evidence to establish any breaking on the part of the defendant.
The term “degree of crime” is defined in 22 C.J.S. Criminal Law, § 5, p. 12, as denoting a particular grade of crime more or less culpable than another grade of the same offense. The degrees are distinguished, not by a difference in the particular act performed, but by the circumstances surrounding it or the conditions under which it occurs. The character of .the offense is determined by the nature of the punishment; the maximum punishment to which accused is liable to be subjected is the test by which the degree of the crime must be determined. To be included in a greater offense as a lesser offense, an act must be one that is itself defined by statute as an offense independent of, and apart from, that defined as the greater offense in which it may be included.
Applying these criteria to the statute in question, we determine that there is no degree of crime and neither is there a greater or lesser offense within the provisions of Section 810.05, Florida Statutes, F.S.A., between breaking and entering with intent to commit a misdemeanor, or, entering without breaking with intent to commit a misdemeanor. Neither is an offense independent of, and apart from, that of the other. Both are in the same section of the statutes and both have the same punishment. They, therefore, constitute merely different ways of stating the same crime. Under the circumstances here, it thus becomes immaterial as to whether or not the evidence sustains proof of breaking. The sentence is within the limits of the statute. Hughes v. State, 1923, 86 Fla. 202, 97 So. 478.
Having reviewed the entire record and having found no error, prejudicial or harmful to the defendant, this cause is affirmed.
Affirmed.
ALLEN, Acting C. J., and KANNER, J., concur.