**STATE v. HUDSON.**
No. 7001.
Circuit Court, Dade County, Criminal Appeal.
March 6, 1970.

Lawrence I. Hollander, Miami, for appellant.

Richard E. Gerstein, State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

This cause is before this court on the appeal of Wyman Street Hudson from a final judgment of conviction and sentence in the metropolitan court of Dade County.

Appellant was charged in a summons of the offense of "improper starting from stopped position." Appellant pled not guilty to the charge and was found guilty of a violation of §30-53.1 of the Code of Metropolitan Dade County, and judgment and sentence entered thereon. §30-53.1 reads as follows —

> "No person shall move a vehicle which is stopped, standing or parked, unless and until such movement can be made with reasonable safety."

There is nothing in the language of the charge set forth in the summons that would direct the defendant-appellant's attention to the section of the code allegedly violated by him.

In order to afford a defendant due process of law, it is essential that he be apprised of the nature of the offense for which he is

charged (see Wright v. Worth, 83 Fla. 204, 91 So.87) with such definiteness and reasonable certainty as fully to apprise him of the nature and cause of the accusation against him and enable him to prepare to meet it at his trial. See Gray v. State (1909), 58 Fla. 54, 50 So. 538, and 17 Fla. Jur., *Indictments and Informations*, §§25, 26, p. 223, et seq. An instrument that, although attempting to charge an offense, sets forth facts which, if true, would constitute no offense is so fatally defective that a conviction cannot be based upon it. Criver v. State (1926), 92 Fla. 483, 109 So. 417.

In general, to charge one with an offense defined by statute, the offense should be charged in the very language of the statute or in language of equivalent import. Humphreys v. State (1879), 17 Fla. 381. In the instant case, neither the language of the ordinance was set forth nor was the alleged charge in such equivalent language really sufficient to put the defendant on notice of the section of the code which he had allegedly violated.

For the foregoing reasons, the judgment of the conviction and sentence of the appellant is reversed.