292 So.2d 64 (1974)
Roy Einer SKOV, a/K/a William Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 72-483.
District Court of Appeal of Florida, Second District.
March 1, 1974.
Rehearing Denied March 22, 1974.
William T. Fussell, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was convicted of the offenses of breaking and entering a phone booth with intent to commit a misdemeanor, to-wit, petit larceny (count one) and of possession of burglary tools (count two).
On similar facts, the Supreme Court in State v. Jackson, Fla. 1973, 281 So.2d 353, held that a conviction for breaking and entering a phone booth with intent to commit a felony could not be sustained because the implied consent to enter had not been negated. *65 The only difference between Jackson and the instant case is that here the appellant was charged with breaking and entering with intent to commit a misdemeanor.
One who "breaks and enters" or "enters without breaking" with intent to commit a misdemeanor may be convicted under F.S. 810.05, F.S.A. The appellant could have been convicted under F.S. 810.05, F.S.A., for entering without breaking. State v. High, Fla. 1973, 281 So.2d 356. The State chose to charge him with breaking and entering, but, in view of Jackson, could not convict him of that offense.
One cannot be charged in an indictment or information with one offense and convicted of another. Perkins v. Mayo, Fla. 1957, 92 So.2d 641. As stated in Long v. State, Fla. 1957, 92 So.2d 259:
"The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. The Statute provides a penalty for acts in the disjunctive. The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of the other."
The appellant's contentions with reference to his conviction for possession of burglary tools is totally without merit because a policeman testified that he watched the appellant prying open the money box on the telephone.
The judgment of conviction under count one is reversed. The judgment of conviction under count two is affirmed.
HOBSON, A.C.J., and McNULTY, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
In its petition for rehearing, the State, for the first time, calls attention to our previous decision of Isaac v. State, Fla. App.2d, 1961, 134 So.2d 38. The rationale of that case appears to conflict at least in part with our opinion. However, it further appears that Isaac is also in conflict with the earlier opinion of the Supreme Court in Long v. State, supra. Cf. Allison v. Mayo, 1947, 158 Fla. 700, 29 So.2d 750.
Accordingly, we hereby recede from and overrule Isaac to the extent that it conflicts with Long and with this opinion. Nothing herein should be construed to prevent the State in a proper case from charging "breaking and entering" and "entering without breaking" in separate counts and obtaining a conviction on one or the other of such counts.
The petition for rehearing is denied.
HOBSON, A.C.J., and McNULTY and GRIMES, JJ., concur.