308 So.2d 569 (1975)
Louis Butler O'NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-403.
District Court of Appeal of Florida, Second District.
February 12, 1975.
*570 James A. Gardner, Public Defender, and Samuel J. Swisher, Asst. Public Defender, Sarasota, and Edward F. Gerace, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
This is an appeal from an order denying a motion to vacate and set aside a judgment and sentence under RCrP 3.850.
The appellant/defendant was charged with breaking and entering a truck with intent to commit a crime therein, to-wit: petit larceny. A jury trial resulted in a verdict of guilty of entering without breaking a truck with intent to commit a crime, to-wit: petit larceny, for which the appellant was sentenced on February 26, 1973. Appellant's counsel, the Public Defender, filed an "Anders" brief with this court, contending that there were no meritorious grounds on appeal. See Anders v. California, 1967, 386 U.S. 783, 87 S.Ct. 1396, 18 L.Ed.2d 493. We affirmed the conviction. O'Neal v. State, Fla.App.2d 1973, 283 So.2d 166, cert. den. Fla., 287 So.2d 98.
The appellant now contends the trial court erred in denying his RCrP 3.850 motion in that he was found guilty of an offense for which he was not charged and one which was not a lesser included offense in the crime charged.
In Skov v. State, Fla.App.2d 1974, 292 So.2d 64, cert. denied, Fla., 298 So.2d 165, we held it was error to convict an accused under F.S. 810.05 of "entering without breaking" when he was charged with "breaking and entering." In the case sub judice the appellant was charged under F.S. 810.051 with "breaking and entering ... a truck ... with intent to commit a crime therein, to-wit: petit larceny." That statute provides:
Whoever breaks and enters any automobile, truck, trailer, semitrailer, aircraft, or house car with intent to commit any crime, and whoever enters without breaking any automobile, aircraft, truck, trailer, semitrailer, or house car with intent to injure the same or any property therein or to commit larceny, shall be guilty of a felony of the third degree, ... .
Fla. Stat. 810.051 in effect defines two different criminal acts: breaking and entering with intent to commit any crime and entering without breaking with intent to injure the vehicle or property inside or to commit larceny. Thus the principle in Skov that the appellant could not be convicted of a crime not charged is even stronger under the statute presented here than it was under F.S. § 810.05.
When one state of facts is alleged in a criminal information it cannot be established by proof of the other. Long v. State, Fla. 1957, 92 So.2d 259. Since the state elected to charge the appellant only with breaking and entering, it could not convict him of entering without breaking. Skov v. State, supra; Perkins v. Mayo, Fla. 1957, 92 So.2d 641.
The State and Federal Constitutions guarantee that an accused be informed of the nature and cause of the accusation against him, Aaron v. State, Fla. 1973, 284 So.2d 673. We therefore hold the conviction of the appellant was a fundamental error. Johnson v. State, Fla. App.2d 1969, 226 So.2d 884; Priester v. State, Fla.App. 4th 1974, 294 So.2d 421; hence, relief is now properly available to appellant under RCrP 3.850.
The order denying appellant's RCrP 3.850 motion is reversed and the judgment and sentence is set aside and vacated.
HOBSON, A.C.J., and GRIMES, J., concur.