320 So.2d 832 (1975)
Roy E. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-106, 75-107.
District Court of Appeal of Florida, Second District.
October 24, 1975.
James A. Gardner, Public Defender, Sarasota, Steven H. Denman, Asst. Public Defender, Bradenton, and Nevin A. Weiner, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Once again we are faced with the problem of one being convicted of entering without breaking with intent to commit a misdemeanor on a charge of breaking and entering with the same intent. Beginning with Skov v. State, Fla.App.2d, 1974, 292 So.2d 64, and followed in O'Neal v. State, Fla.App.2d, 1975, 308 So.2d 569, we held that such a conviction cannot stand. See also Pettigrew v. State, Fla.App.2d, 1975, 316 So.2d 69. We now find it necessary to revisit these decisions.
The accusatory pleading in the case sub judice charged appellant with breaking *833 and entering with intent to commit a misdemeanor, to wit: petit larceny. The jury returned a verdict of entering without breaking with intent to commit petit larceny. Clearly the jury's verdict found defendant guilty of a crime included within the offense charged by the accusatory pleading. The information charged three elements, to wit: unlawful breaking, unlawful entry and the intent to commit petit larceny. The jury found appellant guilty of two of the three elements set forth in the accusatory pleading by finding that he had made an unlawful entry with intent to commit petit larceny. These two elements constitute a crime just as surely as did the three elements charged. By all standards, entering without breaking seems to meet the definition of a category (3) necessarily included offense to breaking and entering under Brown v. State, Fla. 1968, 206 So.2d 377.
The problem seems to stem from the fact that both of these "offenses" are proscribed in the disjunctive in the same section. Thus, Fla. Stat. § 810.05(1) (1973), reads as follows:
"810.05 Breaking and entering with intent to commit a misdemeanor. 
(1) Whoever breaks and enters, or enters without breaking, any dwelling, storehouse, building, ship, vessel, aircraft, or railroad car with intent to commit a misdemeanor shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
Hence, it is not a matter of greater vis-a-vis lesser included offenses in the sense that the lesser is considered to be an independent offense which is included within the offense defined as greater. See Isaac v. State, Fla.App.2d, 1961, 134 So.2d 38, overruled in part by Skov. We are concerned here with the same offense which may be committed in two ways. But does this mean that one who is charged with the first alternative under the statute cannot be convicted of committing the crime in the manner described in the second alternative?
The case upon which Skov was grounded is Long v. State, Fla. 1957, 92 So.2d 259. The defendant in that case was charged with unlawfully and feloniously conveying into the jail a 2 x 4 piece of wood which was a thing useful to aid a prisoner in making her escape. The statute under which the information was drawn read as follows:
"Whoever conveys into a jail or other like place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or, by any means whatever, aids or assists such prisoner in his endeavors to escape therefrom, whether such escape is effected or attempted or not;..."
The court observed that there may have been sufficient evidence to sustain a conviction of aiding or assisting the prisoner to escape, but reversed because of insufficient evidence upon which to find the defendant guilty of conveying the 2 x 4 into the jail.
The pertinent statutes in both Long and Skov describe two ways in which the same offense can be committed. But there is a distinction between these statutes. Under the Skov statute every element necessary to convict under the second alternative is also among the same elements necessary to convict under the first; whereas, under the Long statute the elements of either one of the alternatives is not necessarily included among the elements required to convict under the other. There are circumstances under which a person might be convicted under the first alternative under the Long statute but not be guilty under the second, and there are circumstances *834 where a person might be convicted under the second alternative of the Long statute but not be guilty under the first. While there are circumstances where a person could be convicted under the second alternative of the Skov statute and not be guilty under the first, there is no way that a person can be convicted of breaking and entering with intent to commit a misdemeanor and not also be guilty of entering without breaking with intent to commit a misdemeanor. The unlawful entry is the gravamen of the offense and that element is present in each alternative.
Long is predicated upon the principle that where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged. In essence, it is a matter of due process. An accused is entitled to know what he has to defend against. But it must be put in its proper perspective depending upon the statute involved. Under the Long statute, for example, the first alternative is specific in its terms, i.e., the smuggling into a jail of a tool calculated to assist a prisoner in escaping; the second alternative is general, i.e., aiding, "by any means whatever ... [a] ... prisoner in his endeavors to escape." A specific charge made under the first alternative, then, would preclude a conviction under the second, absent evidence of the specific tool allegedly smuggled in, because as to the second there was no notice to the defendant that he would be tried under the broad and general provisions thereof. If it were the other way around, however, that is, if the defendant were charged with the second alternative, viz., aiding in the escape endeavors, he could not be heard to complain if the evidence established that he smuggled in a tool used in the escape. Obviously, therefore, due process considerations come into play under the Long statute depending upon which alternative is made out in the charge.
Under the Skov statute, however, while there are also two ways to commit the same offense, the essence of the charge, to wit: the unlawful entering with the requisite intent, is common to each alternative. Accordingly, no due process considerations come into play when the charge is made out under the first alternative and the evidence establishes the second.
Upon reflection, therefore, we have concluded that where, as in Skov and the case sub judice, one is charged with breaking and entering with intent to commit petit larceny, he is not deprived of due process by being convicted of entering without breaking with intent to commit petit larceny, because the charge totally encompasses the manner by which the jury has determined the offense was committed.
As pointed out in Skov, there has been nothing to prevent the state in a proper case from charging breaking and entering and entering without breaking in separate counts of the same information so as to avoid the issue. Having so stated, we had hoped that the problem raised by Skov would become moot. Obviously, this did not come about since we have had three more cases of the same type in less than a year and a half. In the instant case, the point was not raised at the trial. Yet, we held in O'Neal that the point was fundamental error. Consequently, it is necessary for us to directly pass on the Skov question once again. For the reasons set forth above, we now overrule Skov, O'Neal and Pettigrew.
We have reviewed the other points raised by appellant in his brief and find them without merit.
Affirmed.
McNULTY, C.J., and HOBSON, J., concur.