McCORD, Judge.
Appellant was charged with breaking and entering with intent to commit a felony. He was convicted of the “lesser included offense” of “breaking and entering or entering without breaking with intent to commit a misdemeanor” (a violation of § 810.-05, Florida Statutes, 1973). He appeals the judgment and sentence.
Appellant recognizes that in Whilden v. State, Fla.App. (1st), 301 So.2d 35 (1974), this court, when confronted with such a verdict and judgment, remanded the case to the trial court “with instructions to enter judgment and sentence on the lesser of the included offenses referred to in the verdict.” Appellant requests that we reconsider such previous ruling in the light of O’Neal v. State, Fla.App. (2d), 308 So.2d 569 (1975). It has subsequently developed, however, that the District Court of Appeal, Second District, has overruled and receded from O’Neal in Roberts v. State, Fla.App. (2d), 320 So.2d 832 (1975). Upon consideration of the opinion in Roberts, we find that we agree with *868 the general reasoning therein but go a step further. We now construe the crime of breaking and entering or entering without breaking as a single crime rather than two different crimes. In Roberts the appellant was charged with breaking and entering with intent to commit a misdemean- or, to wit: petit larceny and was found guilty of entering without breaking with intent to commit petit larceny. The Second District Court of Appeal upheld the conviction and stated as follows:
“The information charged three elements, to wit: unlawful breaking, unlawful entry and the intent to commit petit larceny. The jury found appellant guilty of two of the three elements set forth in the accusatory pleading by finding that he had made an unlawful entry with intent to commit petit larceny. These two elements constitute a crime just as surely as did the three elements charged. By all standards entering without breaking seems to meet the definition of a category (3) necessarily included offense to breaking and entering under Brown v. State, Fla.1968, 206 So.2d 377."
The Second District Court went on to say :
“The problem seems to stem from the fact that both of these “offenses” are proscribed in the disjunctive in the same section. Thus, Fla.Stat. § 810.05(1) (1973), reads as follows:
‘810.05 Breaking and entering with intent to commit a misdemeanor.—
(1) Whoever breaks and enters, or enters without breaking, any dwelling, storehouse, building, ship, vessel, aircraft, or railroad car with intent to commit a misdemeanor shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.’
Hence, it is not a matter of greater visa-vis lesser included offenses in the sense that the lesser is considered to be an independent offense which is included within the offense defined as greater. See Isaac v. State, Fla.App.2d, 1961, 134 So.2d 38, overruled in part by Skov [Skov v. State, Fla.App.2d 1974, 292 So. 2d 64], We are concerned here with the same offense which may be committed in two ways. But does this mean that one who is charged with the first alternative under the statute cannot be convicted of committing the crime in the manner described in the second alternative?”
 The past difficulty we and other courts have had in placing the two facets of the above quoted criminal statute in the mold of greater and lesser included offenses is that the statute in reality does not define two separate offenses. It defines only one offense which may be committed in either of two ways — by breaking and entering or by entering without breaking. As pointed out by Judge Grimes in Roberts, the gravamen of the offense is unlawful entry with intent to commit a misdemeanor. It is physically impossible for an unlawful entry to be made other than by breaking or entering without breaking. It makes absolutely no difference as far as this crime is concerned whether the unlawful entry was effected by one or the other of the only two possible means. A person charged with this crime knows from its definition in the statute (and from the charge itself in this case) that he must be prepared to defend against proof of either of the two means of unlawful entry. Whether the jury finds that the accused unlawfully entered by “breaking” or by “entering without breaking” or by “breaking or entering without breaking” makes no difference as to the validity of the verdict, judgment and sentence. Either verdict states the crime set forth in the statute. Each of the foregoing three alternatives states one and the same crime as *869 defined by the statute and carries the single penalty prescribed by the statute. We, therefore, recede from our previous requirement of Whilden, quoted above, that such a case must be remanded for the entry of a judgment and sentence on the “lesser of the included offenses” as we here hold that the statute defines only one offense — not two. Appellant, as aforesaid, was charged with breaking and entering with intent to commit grand larceny and was convicted of breaking and entering or entering without breaking with intent to commit a misdemeanor. We find that the crime for which he was convicted is a lesser included offense of the crime charged.
Affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.