694 So.2d 96 (1997)
Santiago RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-853.
District Court of Appeal of Florida, Third District.
May 21, 1997.
Zuckerman, Spaeder, Taylor & Evans and Michael S. Pasano, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., NESBITT, J., and BARKDULL, Senior Judge.
NESBITT, Judge.
Santiago Rodriguez appeals a judgment of conviction and sentence for: (1) leaving the scene of an accident resulting in personal injury; and (2) operating a vessel while intoxicated or impaired, resulting in serious bodily injury. We reverse the conviction and sentence as to the second count but affirm as to the first.
This case arises out of a boating accident that occurred the evening of April 9, 1995. Rodriguez' boat, operated by him, collided with a boat owned by Dr. Manuel Garcia. All but one of the people on Garcia's boat were thrown into the water. Among them was a six year old girl who was severely injured as a result of the accident.
Earlier that day both boats, among others throughout the day, were anchored and tied together off Elliot Key in Biscayne Bay. Alcoholic beverages were consumed by the various participants at this gathering. There *97 was some testimony that Rodriguez consumed two alcoholic beverages that day. The accident happened in the evening as the parties headed home.
Rodriguez raises five points on appeal that he contends require reversal. We address the only point we find meritorious and reject Rodriguez' arguments as to the remaining points. In count 2 of an amended information, the state charged Rodriguez with a violation of section 327.351(1)-(2), Florida Statutes (1995). That section provides in pertinent part:
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to the extent that the person's normal faculties are impaired, to operate on the waters of this state any vessel....
* * * * * *
(2) [I]f serious bodily injury to another, as defined in s. 316.1933, is caused by the operation of a vessel by any person while so intoxicated, such person is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084....
Rodriguez first argues that the plain language of the statute and the wording of count 2 of the amended information indicate that intoxication is an essential element of the offense charged and the state had to prove it beyond a reasonable doubt. Count 2 of the amended information provides:
Santiago Rodriguez on or about April 9, 1995, ... did unlawfully and feloniously operate a vessel on the waters of this state, to wit: Biscayne Bay, while intoxicated by alcoholic beverages or any chemical substance set forth in chapter 877.11 Florida Statutes or any controlled substance under chapter 893, Florida Statutes, when affected to the extent that the defendant's normal faculties were impaired and by reason of the operation of said vessel did cause serious bodily injury....
(emphasis added).
We of course look only to the language of the statute to determine the essential elements of the crime charged. The elements making up a violation of section 327.351(1)(2) are: 1) that the defendant operated a vessel on the waters of this state; 2) that the defendant was in an intoxicated condition, under the influence of alcoholic beverages, any chemical substance set forth in section 877.111, or any substance controlled under chapter 893 to the extent that the person's normal faculties are impaired; and 3) that serious bodily injury to another is caused by the operation of a vessel by the defendant "while so intoxicated."[1]
The second element is drafted in the disjunctive. "If a statute makes it punishable to do a particular thing specified, `or' another thing, `or' another, one commits the offense who does any one of the things, or any two, or more, or all of them." Edwards v. State, 62 Fla. 40, 56 So. 401, 403 (1911). Consequently, it is clear that "intoxication" is not an essential element of the crime charged. That element would be satisfied, for example, if the defendant were under the influence of any chemical substance set forth in section 877.11, Florida Statutes.
Rodriguez argues alternatively, assuming intoxication is not an essential element of the crime charged, that because the information alleged that he was "intoxicated" rather than "under the influence", it was error for the court to instruct the jury that it could find him guilty if it found that he was "under the influence" of alcoholic beverages.[2] We agree.
*98 As the trial court's instruction to the jury makes clear, "intoxicated" means more than merely being under the influence of alcoholic beverages. Ingram v. Pettit, 340 So.2d 922, 924 n. 10 (Fla.1976). "In this context the term `while intoxicated' means the same as it does in criminal proceedings. It is not synonymous with `while under the influence of intoxicating liquors.' The term `intoxicated is stronger than and includes the term under the influence of intoxicating liquor.' " Id. at 924.
In this case, the state charged Rodriguez with operating a vessel "while intoxicated by alcoholic beverages" but did not charge him with operating a vessel "while under the influence." Having charged Rodriguez with only the "stronger" of the two terms, the trial court incorrectly allowed the jury to find him guilty if it found the "weaker" of the two to be present. "Though all persons intoxicated by the use of alcoholic liquors are `under the influence of intoxicating liquors,' the reverse of the proposition is not true; for a person may be under the influence of intoxicating liquors without being intoxicated." Cannon v. State, 91 Fla. 214, 107 So. 360, 362 (1926).
The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. The Statute provides a penalty for acts in the disjunctive. The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of the other.

Long v. State, 92 So.2d 259, 260 (Fla.1957)(emphasis added); see also Roberts v. State, 320 So.2d 832 (Fla. 2d DCA 1975). Thus, we reverse Rodriguez conviction and sentence as to this charge.
As noted earlier, Rodriguez was also convicted of leaving the scene of an accident involving personal injury in violation of section 327.30(4), Florida Statutes (1995). The elements of that offense, as correctly instructed by the trial court, are more than met by the evidence adduced in this case. Moreover, Rodriguez' defense to this count, and the jury's finding of guilt, are independent of and unaffected by the problem identified with respect to count 2. Accordingly, we affirm Rodriguez' sentence and conviction as to this count. In sum, we affirm the judgment of conviction and sentence as to count 1, but reverse and remand for a new trial as to count 2.
Affirmed in part, reversed in part, and remanded for a new trial as discussed herein.
NOTES
[1] We note that effective July 1, 1996, section 327.351 was repealed and replaced by section 327.35, Florida Statutes (Supp.1996). Ch. 96-330, §§ 19-20, at 1905-09, Laws of Fla. Among other changes, the new provision completely eliminated the "while in an intoxicated condition" language.
[2] The instruction in this case provided in relevant part:

Before you can find the defendant guilty of operating a vessel while intoxicated causing serious bodily injury, the State must prove the following three elements beyond a reasonable doubt:
One, Santiago Rodriguez operated a vessel.
Two, while operating a vessel, Santiago Rodriguez was in an intoxicated condition or under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
And three, as a result Santiago Rodriguez caused serious bodily injury to [the victim].
* * * * * *
Normal faculties means those faculties of a person such as the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, aid in emergencies and, in general, normally perform the many mental and physical acts of daily life.
Intoxicated means more than merely being under the influence of alcoholic beverages as used in this charge.
Intoxication means, that the defendant must have been so affected from the drinking of alcoholic beverages as to have lost control or been deprived of the normal control of either his body or his mental faculties or both.
Intoxication is synonymous with drunk.
(emphasis added).