RAMIREZ, J.,
(dissenting).
I respectfully dissent. In my view, there is no need to remand the merits of this case to the circuit court to interpret the language of the ordinance. As quoted by the majority, the language of the ordinance, Sect. 142-109(c)(l)a, clearly prohibited the rental of the residence for commercial use, the party. The owner indisputably received $40,000 for the use of his residence, clearly in excess of $100. At the injunction hearing appellees argued that the house-party rental did not violate (l)b — dealing with the sale of goods at a single-family home — and thus they were allowed to violate (l)a. The City, in turn, argued that commercial use was prohibited if appellees violated (l)a or (l)b or (l)c, and because appellees indisputably violated (l)a the rental was forbidden.
The trial court said it was confused by the word “or” after each prohibition. The City explained that “or” meant there was a violation if plaintiffs did any of the things in (l)a or (l)b or (l)c. The court said the word “or” should not have been used and should be “blank[ed]” out. The court then ruled that appellees’ use was permitted under the ordinance — even though they indisputably violated (l)a. The trial court additionally said no bond would be required because it had given the parties a hearing.
There is no reason to remand this ease to interpret the ordinance again. The trial court deleted the language “or” from the ordinance and substituted the word “and.” Statutory construction involves a legal principle, which the majority acknowledges we can review de novo. The trial court clearly rewrote the statute, which is legal error. See Rodriguez v. State, 694 So.2d 96, 97 (Fla. 3d DCA 1997) (“ Tf a statute makes it punishable to do a particular thing specified, ‘or’ another thing, ‘or’ another, one commits the offense who does any one of the things, or any two, or more, or all of them.’”) (quoting Edwards v. State, 62 Fla. 40, 56 So. 401, 408 (1911)).
There is nothing moot about this case. The trial court stated in its order that this private party for which the owner received $40,000, is permitted under section 142-109. The owner is certain to use this order to lease his residence again with impunity.
As the supreme court stated in Godwin v. State, 593 So.2d 211, 212 (Fla.1992):
Florida courts recognize at least three instances in which an otherwise moot *534 case will not be dismissed. The first two were stated in Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984), where we said: “[i]t is well settled that mootness does not destroy an appellate court’s jurisdiction ... when the questions raised are of great public importance or are likely to recur.” Third, an otherwise moot case will not be dismissed if collateral legal consequences that affect the rights of a party flow from the issue to be determined. See Keezel v. Stale, 358 So.2d 247 (Fla. 4th DCA 1978).
(alteration in original). I believe this case presents the quintessential scenario for resolution. A circuit court order has basically rewritten a city ordinance. This owner, and other owners similarly situated, are free to convert their residences into commercial enterprises in the middle of exclusive residential communities. I do not believe we should let that order stand. Furthermore, I do not believe we need to remand the case for us to interpret the ordinance at issue.
Lastly, the trial court erred by failing to require an injunction bond, as mandated by Florida Rule of Civil Procedure 1.610. For this reason too, the injunction order must be reversed. See SoBeach Rentals, Inc. v. Shelbome Ocean Beach Hotel, 37 So.3d 982, 983 (Fla. 3d DCA 2010) (injunction bond is required by Florida Rule of Civil Procedure 1.610); Wigdor v. Wigdor, 917 So.2d 898, 898 (Fla. 3d DCA 2005) (same).
For these reasons, I would reverse the trial court’s entry of an injunction in this case.