913 So.2d 729 (2005)
Michael TRAHAN, III, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4085.
District Court of Appeal of Florida, Fifth District.
October 28, 2005.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges his conviction for the offense of lewd or lascivious molestation of a child under sixteen years of age. He asserts that the jury was erroneously instructed that it could convict Appellant based on uncharged acts. We agree, and, finding that the error was fundamental, we reverse and remand this cause for a new trial.
Appellant was charged, by information, with one count of lewd or lascivious molestation. In material part, the information provided:
In the County of Brevard, . . . [Appellant]. . . did intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area or buttocks, or clothing covering them ... by TOUCHING, RUBBING [the victim's] VAGINAL AREA....
(Emphasis supplied). At trial, the victim testified that Appellant touched her vagina once and her buttocks on three occasions. During closing, the State argued that it had proven that Appellant touched either the victim's vagina or her buttocks or both. Without objection, the judge instructed the jury that Appellant could be found guilty if the jury determined that he had touched the victim's vagina or buttocks, or clothing covering either. The jury returned a general *730 verdict of guilty, from which this appeal was timely filed.
Citing our decision in Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999), Appellant argues that it was fundamental error to charge the jury in a manner that permitted it to convict for a crime not charged in the information, even if the uncharged crime involved an alternative factual theory for proving the charged offense. We agree. In Zwick, on analogous facts, we held:
A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty. Jacobs v. State, 184 So.2d 711 (Fla. 1st DCA 1966).
[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.... The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of another.

Long v. State, 92 So.2d 259, 260 (1957) .... Because the general verdict in the instant case makes it impossible to determine whether the jury found Zwick guilty of uncharged acts, we must reverse the convictions for counts two through five of the information.
Zwick, 730 So.2d at 760. Accord, Vega v. State, 900 So.2d 572 (Fla. 2d DCA 2004) (fundamental error to instruct jury on alternative factual theory not charged).
Although the charging document here tracks the language of the statute by using the conjunction "or," the State chose to narrow its factual theory through use of the phrase "by TOUCHING, RUBBING [the victim's] VAGINAL AREA." Under these circumstances, the jury instruction should have been likewise narrowed.
REVERSED AND REMANDED.
GRIFFIN and SAWAYA, JJ., concur.