958 So.2d 1140 (2007)
Tommy Ray ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3100.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Rehearing Denied July 19, 2007.
*1141 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Appellant, Tommy Ray Abbott, appeals his convictions and sentences for two counts of lewd or lascivious molestation of a child under twelve years of age. We affirm in all respects, but write to address Abbott's assertions that fundamental error occurred when the trial court's instructions to the jury included uncharged acts and that his counsel was ineffective.
On April 17, 2006, the State filed a two-count information against Abbott. Count one alleged that "Abbott did, being 18 years of age or older, intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of [the victim], a person less than 12 years of age, in violation of Florida Statute [section] 800.04(5)(b)." As to count two, the State contended that "Abbott did, being 18 years of age or older, intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of [the victim], a person less than 12 years of age, or did force or entice [the victim] to so touch the defendant, in violation of Florida Statute [section] 800.04(5)(b)."
The evidence at trial centered on the victim's allegations that Abbott touched her breasts and her vagina and, on one occasion, placed her on top of him and moved her up and down. The trial judge instructed the jury, in the absence of an objection, that it could find Abbott guilty of both counts if it determined that
Tommy Abbott handled or fondled [the victim] in a lewd, lascivious or indecent manner or Tommy Abbott committed upon [the victim] or forced or enticed [the victim] to actually or commit simulated sexual intercourse, masturbation or any act which simulated that  that sexual battery was being or would be committed on [the victim]. Or C, that *1142 Tommy Abbott knowingly committed a lewd or lascivious act in the presence of [the victim].
On appeal, Abbott argues that the instructions were erroneous since they also encompassed masturbation or the commission of other lewd acts in the victim's presence, which were not a part of the charged offense or the evidence at trial.
"A party's failure to object in the trial court precludes appellate review of an erroneous jury instruction unless the error is deemed fundamental." Miller v. State, 828 So.2d 445, 447 (Fla. 4th DCA 2002). Abbott contends that fundamental error occurred because the jury returned a general verdict, and it is impossible to determine whether the jury convicted him of the charged or uncharged offenses. On this record, we cannot find fundamental error. An erroneous jury instruction is fundamental when it "`reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Consequently, the determination of whether fundamental error occurred in such cases requires that the "instructions be examined in the context of the other jury instructions, the attorneys' arguments, and the evidence in the case." Garzon v. State, 939 So.2d 278, 283 (Fla. 4th DCA 2006), review granted, 956 So.2d 455 (Fla. 2007). Here, the uncharged crimes were never at issue during Abbott's trial, and the State never argued or presented evidence that Abbott committed those acts.
In San Martin v. State, 717 So.2d 462 (Fla.1998), the Florida Supreme Court stated that "[w]hile a general guilty verdict must be set aside where the conviction may have rested on an unconstitutional ground or a legally inadequate theory, reversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient." Id. at 470 (footnotes omitted). And, in Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the United States Supreme Court stated:
"It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance  remote, it seems to us  that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient."
Id. at 59-60, 112 S.Ct. 466 (quoting United States v. Townsend, 924 F.2d 1385, 1414 (7th Cir.1991)).
In light of our affirmance on this issue, we note that Abbott's reliance on Trahan v. State, 913 So.2d 729 (Fla. 5th DCA 2005), is misplaced as that case is factually distinguishable. In Trahan, the defendant was charged by information with touching or rubbing the victim's vaginal area, but the jury was instructed that it could find Trahan guilty if it determined that he "touched the victim's vagina or buttocks, or clothing covering either." Id. at 729. Unlike the absence of evidence pertaining to the uncharged offenses at Abbott's trial, evidence was presented during Trahan's trial that he touched the victim's buttocks in addition to her vaginal area. See id. We are also unpersuaded by Abbott's reliance on Zwick v. State, 730 So.2d 759, 760 (Fla. 5th DCA 1999), because that opinion does not indicate whether the prosecution presented either evidence or arguments about the uncharged acts that were included in the jury instructions.
*1143 We next address Abbott's claim that his trial counsel was ineffective. "Generally, ineffective assistance of trial counsel will not be cognizable on direct appeal when the issue has not been raised before the trial court." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987). "An exception to the general rule exists where both counsel's deficient performance and the prejudice to the defendant are apparent on the face of the record." Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA 2004). Whereas the claim of ineffective assistance is not apparent from the record, we decline to consider this issue; however, our holding is without prejudice to Abbott asserting this claim in a motion for postconviction relief.
Affirmed.
POLEN and TAYLOR, JJ., concur.