970 So.2d 475 (2007)
Michael Joseph MARRA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3596.
District Court of Appeal of Florida, Fifth District.
December 14, 2007.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Marra appeals his conviction for lewd and lascivious conduct regarding a minor. Of the six issues Marra raises on appeal, we find one that merits discussion and reversal.
Marra was charged by information with capital sexual battery on E.R. (Count I), *476 lewd and lascivious molestation of A.S. (Count II), and lewd and lascivious conduct regarding A.S. (Count III). The jury found Marra not guilty on Count I, guilty of battery, a lesser-included offense, on Count II, and guilty, as charged, of lewd and lascivious conduct on Count III. The trial court later dismissed Count II as "merged" into Count III and sentenced Marra to fifteen years in prison with the last seven suspended pending successful completion of sex offender probation.
Count III of the information alleged that Marra "did intentionally touch [A.S., a minor under sixteen] in a lewd or lascivious manner by tongue kissing or `French' kissing [A.S.]." A.S., who was eleven years old at trial, testified she was awakened by someone rubbing her lower tummy. When she looked up and said "Mom," someone "put their hand over my mouth and tried to tongue kiss me."
Q. Explain to the jury what you mean by they put their hand over your mouth and tried to tongue kiss you. How were theyHow did they do that?
A. They put their hand on my mouth like this and then they moved their hand and tried to tongue kiss me.
Q. And where did they try to tongue kiss you?
A. On my mouth.
Q. And what did you do?
A. And I moved my head like . . . just a little bit and a little bit of the spit got on to my cheek.
On cross-examination, A.S. defined a tongue kiss as "like a French kiss." Her mother told her what a French kiss was before the incident occurred. A.S. further explained that there were two kisses. The first time, A.S. turned her head, but knew Marra was tongue kissing her when his mouth touched her face and "at one point he did get a little bit of spit in my mouth." The second kiss was on her lips. She knew it was a tongue kiss by the way it felt on her lips.
On redirect examination, the prosecutor asked A.S. if Marra kissed her inside her cheek or outside her cheek. A.S. replied, "At one point he got a little bit of his spit inside my mouth, but he didn't kiss me inside my cheek." Marra's taped police interview was played to the jury. In it, Marra repeatedly stated that he kissed A.S. good night on the cheek.
At the close of evidence, defense counsel moved for judgment of acquittal on Count III, arguing that the State had not sufficiently established proof of the alleged tongue or French kiss because: (1) A.S. turned her head, preventing the kiss from happening; (2) A.S. did not see Marra's tongue; (3) Marra's tongue did not enter A.S.'s mouth; and (4) there was no evidence of any lewd or lascivious intent behind the kiss. The trial court denied the motion, ruling that the issue of Marra's intent in kissing A.S. was a jury question. Defense counsel later renewed her motion, which was denied.
On appeal, Marra argues that the trial court erred in denying his motion for judgment of acquittal because the evidence did not establish a tongue kiss or French kiss, as alleged in the information. At most, he argues, it established an attempt. The de novo standard of review applies. Harris v. State, 954 So.2d 1260, 1261 (Fla. 5th DCA 2007).
Marra correctly asserts that the allegations in the information were not surplusage. This Court has previously held that "[w]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. . . ." D.R. v. State, 790 So.2d 1242, 1244 (Fla. 5th DCA 2001) (quoting Long v. State, 92 So.2d 259, *477 260 (Fla.1957)). Thus, the question is whether the evidence established that Marra tongue or French kissed A.S. Those terms were not defined in the information, statute or jury instructions. When the Legislature has not defined a statutory term, courts should construe it according to its ordinary and common meaning. V.K.E. v. State, 934 So.2d 1276, 1292 (Fla. 2006).
Marra notes that one prior Florida case discussed the term "French kiss." Altman v. State, 852 So.2d 870 (Fla. 4th DCA 2003). In Altman, the defendant was charged with lewd assault by "kissing and inserting his tongue into the mouth of the victim." Id. at 872. On appeal, he challenged the assessment of sexual contact points on his sentencing scoresheet for French kissing the minor victim. He also argued that the jury did not find that he French kissed the victim. The appellate court rejected both arguments.
In a footnote, the court stated, "`French kiss,' however, is defined as `a kiss in which the tongue enters the partner's mouth.' The American Heritage Dictionary 533 (2d col.ed.1986)." Id. at 873 n. 3. The court noted the victim's testimony that on one occasion, the defendant thrusted his tongue against her tongue. The victim tried to clench her teeth to stop him but the defendant put his hand on her chin and forced his tongue down. Id. at 871. On another occasion, the defendant kissed the victim with his tongue inside her mouth. Id. at 872.
No other Florida cases define the terms "tongue kiss" or "French kiss." "Tongue kiss" is not defined in the dictionary.[1] "French kiss" is defined as "a kiss with contact between tongues,"[2] "an open-mouth kiss usually involving tongue-to-tongue contact,"[3] or "[a] kiss in which the tongue enters the partner's mouth."[4] The common denominator in these definitions is a kiss with either tongue to tongue contact or the tongue going inside another person's mouth.
In the instant case, the evidence and inferences established a kiss in which Marra's tongue made contact with A.S.'s cheek and lips. It did not make contact with her tongue or go inside her mouth. Thus, based on the commonly understood meanings, the evidence did not establish a "French kiss."
Instead, the evidence established an attempt. Section 777.04, Florida Statutes (2004), defines an attempt as occurring when "[a] person . . . does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." In this case, Marra clearly attempted to French kiss A.S., but was prevented from French kissing her because A.S. moved her head on the first attempt and had her lips closed on the second attempt.
Accordingly, we reverse Marra's conviction on Count III. As Marra did not dispute kissing A.S., the only other issue was whether the kiss was lewd or lascivious. That was a jury question that the jury *478 resolved against Marra, as demonstrated by its rejection of the lesser-included offense of battery. At oral argument, Marra's counsel properly conceded that this Court has authority to remand for adjudication on attempted lewd and lascivious conduct. Therefore, we remand for adjudication and sentence on the lesser-included offense of attempted lewd and lascivious conduct, a third degree felony. See State v. Sigler, 967 So.2d 835 (Fla.2007) (finding that appellate court has authority to direct adjudication for lesser offense when jury has determined all elements of lesser offense); Harris, 954 So.2d at 1262 (reversing possession with intent to sell conviction and remanding for imposition of lesser crime of simple possession); Gray v. State, 939 So.2d 1095, 1097 (Fla. 1st DCA 2006) (reversing kidnapping conviction and remanding for imposition of lesser offense of false imprisonment).
REVERSED AND REMANDED WITH INSTRUCTIONS.
GRIFFIN, J., and PERRY, B., Associate Judge, concur.
NOTES
[1] Although the information alleged that Marra committed this crime by tongue kissing or "French" kissing, which suggests the terms are disjunctive, the State conceded at oral argument that the terms are conjunctive. In essence, they mean the same thing.
[2] The Oxford American College Dictionary 536 (2002 ed.).
[3] Merriam-Webster Online Dictionary, available at http://m-w.com/dictionary/Frenchkiss.
[4] The American Heritage Dictionary of the English Language (4th ed.2000), available at: http://www.bartleby.com/cgi-bin/texis/ webinator/ahdsearch? search_type=enty&query=French+ kiss&db=ahd.