PER CURIAM.
 

 The appellant, Leon Lavelle Morant, appeals his conviction of conspiracy to commit home-invasion robbery with a firearm, home-invasion robbery, and aggravated battery. The appellant raises three issues on appeal: (I) whether the trial court al
 
 *198
 
 lowed Williams
 
 [1]
 
 rule evidence to become a feature of the trial; (II) whether the trial court erred in denying a motion for judgment of acquittal on the charge of conspiracy to commit home-invasion robbery because the evidence did not establish a prima facie case or was not sufficient to sustain the conviction; and (III) whether the trial court committed fundamental error by instructing the jury on an uncharged act. The state raises one issue on cross-appeal: whether the defense counsel impermissibly argued facts not in evidence during closing argument. We affirm the issue raised on cross-appeal without discussion.
 

 We reject the appellant’s
 
 Williams
 
 rule argument without discussion. We also reject without discussion the second issue raised by the appellant, regarding the evidence presented on the count of conspiracy to commit home-invasion robbery. However, we agree that the trial court erred in instructing the jury on an uncharged act and, therefore, we reverse and remand for a new trial the judgment of conspiracy to commit home-invasion robbery.
 

 In contesting his conviction for conspiracy to commit a home-invasion robbery, the appellant argues that the trial court committed fundamental error
 
 [2]
 
 because the jury instructions permitted the jury to convict the appellant of an uncharged act. The state properly concedes error on this point. The appellant was charged with conspiring with Brooke Rushton on or about January 23, 2007, to commit the crime of home-invasion robbery with a firearm.
 
 [3]
 
 However, the jury was instructed that it could find the appellant guilty if the appellant conspired with Ms. Rushton
 
 “and/or
 
 another black male.” During opening statements, the prosecution informed the jury that the state would prove that the appellant conspired with Ms. Rushton “or another black male” to cause the home-invasion robbery. Through the testimony of the victim, evidence was presented at trial that during the night of January 23, 2007, the victim was awakened by the appellant and two other black males who had entered her bedroom and thereafter proceeded to commit the home-invasion robbery at issue in this case. The jury returned a general verdict of guilty for conspiracy to commit home-invasion robbery.
 
 [4]
 

 The appellant asserts that the trial court committed fundamental error by permitting the jury to convict the appellant for conspiring with “another black male” to cause home-invasion robbery. It
 
 *199
 
 is fundamental error when the jury is instructed that a defendant may be convicted for uncharged acts.
 
 See Trahan v. State,
 
 913 So.2d 729, 729 (Fla. 5th DCA 2005) (agreeing that fundamental error exists “even if the uncharged crime involved an alternative factual theory for proving the charged offense”).
 

 In
 
 Trahan,
 
 the Fifth District reversed a conviction for lewd and lascivious molestation where the information factually narrowed the charge by specifying that the offense was committed “by TOUCHING, RUBBING [the victim’s] VAGINAL AREA.” 913 So.2d at 729 (alterations in original).
 
 [5]
 
 During that trial, the state presented evidence that the defendant touched the victim’s vagina once and her buttocks three times. The prosecution argued to the jury that it had proven the defendant touched the victim’s vagina
 
 or
 
 buttocks or both.
 
 Id.
 
 (emphasis added). The judge then instructed the jury, without objection, that the jury could convict the defendant if “he had touched the victim’s vagina or buttocks, or clothing covering either.”
 
 Id.
 
 The jury returned a general verdict of guilty.
 
 Id.
 
 at 729-30. Finding fundamental error, the Fifth District reversed the conviction and remanded for a new trial since the jury instructions permitted the jury to convict the defendant for a crime not charged in the information.
 
 Id.
 

 Similarly, here, the appellant’s charge of conspiracy was factually narrowed in that it was alleged that he committed conspiracy with Ms. Rushton. Under these circumstances it was fundamental error to instruct the jury that they could find the appellant guilty of conspiring with Ms. Rushton “and/or another black male.” Accordingly, the judgment for conspiracy to commit home-invasion robbery with a firearm, is reversed and remanded for a new trial.
 

 Appellant’s conviction is:
 

 AFFIRMED in part and REVERSED and REMANDED in part.
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State, 110
 
 So.2d 654 (Fla.1959).
 

 [2]
 

 . “Jury instructions are ‘subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred.' "
 
 State v. Weaver,
 
 957 So.2d 586, 588 (Fla.2007) (quoting
 
 Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002)). Because the appellant did not object at trial to the instructions now in dispute, "a claim of error based on the instruction may only be reviewed on appeal if it constitutes fundamental error.”
 
 Id.
 

 [3]
 

 . For Count I, the Direct File specifically provided:
 

 WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that LEON L. MOR-ANT, in Alachua County, Florida, on or about January 23, 2007, did then and there agree, conspire, combine, or confederate with Brooke Rushton to commit the crime of Home Invasion Robbery with a Firearm, contrary to Section 777.04 and 812.135 and 775.087, Florida Statutes.
 

 (emphasis added.)
 

 [4]
 

 .The jury found "The defendant is guilty of Conspiracy to Commit Home Invasion Robbery With a Firearm, as charged in Count I of the Information.”
 

 [5]
 

 . The opinion in
 
 Trahan
 
 provides the relevant part of the information as follows:
 

 In the County of Brevard, ... [Appellant] ... did intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area or buttocks, or clothing covering them ... by TOUCHING, RUBBING [the victim’s] VAGINAL AREA....
 

 913 So.2d 729, 729 (alterations in original).