FARMER, J.
 

 Defendant was charged with lewdly and lasciviously fondling the clothed buttocks of a child under 12. The event occurred in the aisle of a crowded supermarket in the afternoon. A video camera recorded the interior of the store. He admits he patted the child on the back but denies that he ever touched buttocks. The critical issue turns on evidence given by a police officer investigating the matter two days later.
 

 The child was still under the age of 12 at trial. At first, he did not remember defendant touching him. He then testified defendant touched him by rubbing his hand down his back and squeezing a cheek of his buttocks. He said the touch was different from the way his teammates pat him on the buttocks but did not elaborate. The record does not reflect the child demonstrating to the jury how he was touched. The child’s testimony about the touching leaves some questions.
 

 Then the investigating detective testified. The following pertinent exchange occurred with the prosecutor:
 

 Q:
 
 Did you have [the child] describe the location of touch and describe exactly how the touch occurred?
 

 A:
 
 Yes, he described it to me in great detail.
 

 Q:
 
 Can you come down here and show the jury how he described it to you?
 

 A:
 
 Sure.
 

 Q:
 
 You want to take your jacket off so we can see your pants a little better?
 

 A:
 
 All right.
 

 [[Image here]]
 

 Q:
 
 Did you go over in detail with him to make sure you got it right?
 

 Attorney:
 
 I’m going to object as hearsay.
 

 Court:
 
 Overruled.
 

 Q:
 
 Did he actually show you with his own hands exactly what happened?
 

 
 *1214
 

 A:
 
 I don’t recall if he actually showed me with his own hands but I’m sure he did — not like on himself or on somebody else — although he might have in the air, shown me.
 

 Q:
 
 And then what did you do to verify what exactly he was describing?
 

 A:
 
 I made sure I understood what he was telling me because he said it was like a spider, like his hand went down his back like a spider. He said that his palm was facing his back.
 

 [[Image here]]
 

 Q:
 
 I just want you to show us what he described for you, without telling it, show us exactly the movement of Mr. Farinacci’s hand how he showed you how it went? Show you us exactly the movement of Mr. Farinaeci hand and how he showed you how it went.
 

 A:
 
 Like that.
 

 Q:
 
 So it was more in the center of his rear-end?
 

 A:
 
 Between the legs, that’s all.
 

 In addition to the detective’s evidence, the video was played for the jury. It does not unambiguously show defendant squeezing the buttock.
 

 After the evidence, and without objection by defendant, the court instructed the jury using the standard jury instruction for general lewd and lascivious molestation. Critical to this issue, the Court instructed that the State must prove that defendant “fondled [victim] in a lewd, lascivious, or indecent manner” but without specifying buttocks. Defendant raises an issue as to whether the instruction as given allowed the jury to convict him even if the jury concluded he “handled or fondled” only the child’s back.
 

 On appeal, as he did at trial, defendant argues the detective’s evidence was inadmissible hearsay. The State responds it is not hearsay and, even if so, would be admissible as a prior consistent statement. We conclude the detective’s testimony and demonstration were inadmissible. It is inescapable that this evidence was introduced — as the predicate question asked— to “show the jury
 
 hotv he described it to you”
 
 and that “he described it to me
 
 in great detail.”
 
 [e.s.]
 

 At the outset, we stress the detective’s evidence is not being justified as permissible child hearsay under § 90.803(23).
 
 [1]
 
 That statute requires the State to give an accused prior notice of the potential use of a child’s statements about an event, which then requires the Court to conduct a separate hearing to determine the reliability of the proposed evidence.
 
 [2]
 
 Here the State gave no such notice. Consequently there was no separate hearing to determine the child’s reliability as a witness.
 

 When at trial the State sought to present this evidence, defendant objected on hearsay grounds. The principal justification for the detective’s evidence is that it was mostly demonstrative and not a specific recitation of out-of-court statements by the victim. Section 90.801(l)(a)2 expressly defines hearsay to embrace “nonverbal conduct of a person if it is intended by the person as an assertion.” So even if the child had not said a word to the officer but merely demonstrated the act, it would still qualify as nonverbal conduct intended as an assertion.
 

 As the court explained in
 
 Halsh v. Hulsh,
 
 431 So.2d 658 (Fla. 3d DCA 1983):
 

 
 *1215
 
 “A wooden application of ‘oral communication’ is no more acceptable in this context [Deadman’s statute] than in the context of the hearsay rule. Thus, where the inescapable inference from the witness’s testimony is that the decedent made certain statements to the witness, the testimony is an oral communication ... as much as when the witness testifies to the actual statements made by the decedent.”
 

 431 So.2d at 664.
 
 Hulsh
 
 relied on two criminal cases,
 
 Molina v. State,
 
 406 So.2d 57 (Fla. 3d DCA 1981), and
 
 Postell v. Slate,
 
 398 So.2d 851 (Fla. 3d DCA 1981), where the same court said:
 

 “where ... the inescapable inference from the testimony is that a non-testifying [declarant] has furnished the [witness] with evidence of the defendant’s guilt, the testimony is hearsay, and the defendant’s right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying [declarant] are not repeated.”
 

 Molina
 
 406 So.2d at 58;
 
 Postell,
 
 398 So.2d at 854.
 

 Postell
 
 is apt. The case involved armed robbery. Two victims testified, but only one was barely able to identify defendant. That witness conceded difficulty in making a cross-racial identification and had variously described this particular perpetrator as both tall and short. To buttress the case against the defendant, the State called a police officer who testified that he spoke to an unnamed woman who claimed to be an eyewitness to the crime. The officer testified that he spoke to the woman minutes after the event, only yards from the scene. After a 5-10 minute conversation with this woman, the officer tes-titled that he spoke to other officers, who went to a specific address and there arrested defendant.
 
 Postell
 
 explains the error in admitting this testimony thus:
 

 “The mystery woman was portrayed as a ‘witness who had seen some activity at the time.’ She was repeatedly portrayed as conversing with the officer ‘within minutes’ of the robbery and ‘within fifteen to twenty yards’ of the scene of the crime.
 
 The picture ivas clear she had told the officer that she had, seen the crime and seen Postell commit it.
 
 The fact that the prosecutor’s argument urged the jury to draw this very inference merely exacerbates the problem.” [e.s.]
 

 398 So.2d at 854.
 

 In short, there is no mime exception to the hearsay rule. When the testimony of the witness at trial is founded on a communication with another person, the result of which is to connect the testifying officer to the defendant later charged with the crime, that connection is manifestly the result of inadmissible hearsay. That is the identical basis for the officer’s testimony in this case.
 
 Postell
 
 describes this inadmissible connection as “egregious hearsay” and holds that “defendant’s right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.”
 
 [3]
 

 We cannot distinguish the detective’s evidence in this case from that principle. It is unavoidable that the detective’s evidence all came from something communicated to him by the child. The detective did not actually see the conduct he described. His testimony depended entirely on the accuracy and believability of statements and
 
 *1216
 
 nonverbal conduct communicated to him by the child. This evidence was undeniably used to portray out-of-court statements by the victim to the detective for the sole purpose of establishing defendant’s guilt.
 

 The State also contends the detective’s evidence was admissible under § 90.801(2)(b) to refute a contention the child was either lying or recently fabricated the story. The record does show that at various points in the trial defendant tried to assert that the child’s testimony was the result of parental influence after the event but before the detective questioned the child. We do not agree that the detective’s testimony could logically refute parental influence exercised before he questioned the child.
 

 To be admissible under this section, the statement must have been made
 
 before
 
 the improper influence, not afterwards.
 
 Peterson v. State,
 
 874 So.2d 14, 16-17 (Fla. 4th DCA 2004);
 
 Neal v. State,
 
 792 So.2d 613, 614 (Fla. 4th DCA 2001). A statement does not meet the statutory definition if the basis for fabrication existing at trial also existed at the time the statement was made. In context the only purpose of the detective’s evidence was to buttress or strengthen the testimony of the child. Section 90.801(2)(b) does not authorize hearsay testimony for that purpose. Accordingly we conclude that the State has failed to lay bare a basis for the detective’s testimony under § 90.801(2)(b).
 

 The State argues the error is harmless.
 
 Goodwin v. State,
 
 751 So.2d 537 (Fla.1999), stresses that “if the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.” 751 So.2d at 541 (focus of harmless error analysis is effect of error on jury; question is whether it is reasonably possible that the error affected verdict). In short the question is whether it is reasonably possible the detective’s evidence had an effect on the verdict.
 

 The circumstances lack clarity. The child did testify that defendant squeezed a cheek of his buttocks, but the video does not make that apparent. The video is not definite and clear as to precisely what defendant touched or how he might have done so, the scene failing to show the child’s posterior. The child said that the touching was “wrong” because it differed from what his teammates sometimes did. The detective’s evidence did not merely repeat the child’s trial testimony, which involved no elaboration or demonstration, but instead added substantially to it.
 

 Under the totality of the circumstances shown in the record, it is not reasonable to say the detective’s evidence had no effect on the jury. It is fanciful to think the State went to the trouble of presenting the detective’s evidence in the belief it would float over the heads of the jury without a conscious trace. Its effect was certainly made indelible by the State’s closing argument that the detective’s evidence made clear the touching was lewd and lascivious.
 
 [4]
 
 We see no alternative to a new trial.
 

 Because the case may be retried, we comment briefly on the jury instruction. The jury instruction did not focus on the critical dispute: whether defendant squeezed the child’s buttock. As given, it allowed the jury to find defendant guilty if he lewdly fondled the child’s back. It has been held error to instruct the jury generally on molestation, and without specifying
 
 *1217
 
 the body part lewdly touched, when the charging document and evidence specify touching specific genitalia.
 
 See Trahan v. State,
 
 913 So.2d 729 (Fla. 5th DCA 2005) (general jury instruction on fondling was fundamental error; charge defendant rubbed only victim’s vaginal area precluded State from alternatively proving fondling buttocks). In
 
 Abbott v. State,
 
 958 So.2d 1140 (Fla. 4th DCA 2007), we held it was not fundamental error to instruct on an uncharged alternate basis (masturbating before the victim) because there was no evidence or argument regarding it. In this regal’d we distinguished
 
 Trahan
 
 but did not categorically reject it. In any retrial, the State would do well to tailor its proposed instruction to the precise charge.
 

 Reversed for new trial.
 

 TAYLOR, J., and LEVENSON, JEFFREY R., Associate Judge, concur.
 

 [1]
 

 . § 90.803(23), Fla. Stat. (2009).
 

 [2]
 

 .
 
 Feller v. State,
 
 637 So.2d 911, 915 (Fla.1994);
 
 Ingrassia v. State,
 
 747 So.2d 445, 446 (Fla. 4th DCA 1999).
 

 [3]
 

 . 398 So.2d at 852, 854. We note that the objection at trial did not include the Confrontation Clause as grounds, and the appeal does not so argue.
 
 See State v. Contreras,
 
 979 So.2d 896 (Fla.2008). Our holding today is based solely on the hearsay objection under Florida law.
 

 [4]
 

 .
 
 See Contreras,
 
 979 So.2d at 912 ("child's videotaped statement was the most persuasive evidence of penetration").