STEVENSON, J.
 

 Isaiah Brown challenges his conviction for aggravated child abuse, asserting, among other things, that the trial court fundamentally erred in instructing the jury on a theory of the crime not charged in the information. We find merit in this argument and reverse Brown’s conviction.
 

 The charges against the defendant followed a family argument. The defendant and his son resided with his long-time girlfriend, Carla B., and her two daughters, K.O., age 15, and Ke.O., age 19. The defendant and his girlfriend were arguing, the argument escalated, and the defendant called K.O. “stupid” and “a whore.” K.O. heard the defendant, approached him, and a physical altercation between the defendant and K.O. ensued. The State presented evidence that the defendant grabbed KO.’s hair and banged her head on the floor and that, in turn, K.O. struck the defendant with a barstool. KO.’s mother pulled her out of the house. K.O. testified that the defendant then came at her with a bat. K.O. slipped and fell near the driveway and testified that the defendant twice struck her in the head with the bat. K.O. was taken to the hospital, receiving four stitches and twelve staples to close the head wound. There was testimony that K.O. continued to suffer from bad headaches, nightmares and memory loss and that she has a “brain injury.” The State also presented testimony that defendant struck Carla B. and Ke.O., but the facts related to those incidents are not germane to this appeal.
 

 For his part, the defendant admitted the physical altercation with K.O. and admitted grabbing the bat. He insisted that he grabbed the bat because he feared he might need it to protect his son. He denied striking K.O. with the bat, suggesting that the injury to her head was the result of her striking her head on the drainage pipe near the driveway.
 

 Defendant was charged with aggravated child abuse (count I — victim K.O.), aggravated battery with a deadly weapon, i.e., a bat (count II — victim K.O.), and two counts of aggravated assault with a deadly weapon, i.e., a bat (counts III & IV — victims Carla B. and Ke.O., respectively). The jury found defendant guilty of counts I and II, and not guilty of count IV. Count III was nolle prossed. Since the victim of both counts I and II was K.O., following the jury verdict, the parties agreed that a conviction for both counts I and II would violate double jeopardy. Consequently, the trial court entered a judgment of conviction solely on the aggravated child abuse conviction of count I. Of note, aggravated child abuse is a first degree felony and aggravated battery is a second degree felony.
 
 See
 
 §§ 827.03(3)(b), 784.045(2), Fla. Stat. (2007).
 

 The crime of aggravated child abuse may be committed in three ways: (a) “when a person ... [c]ommits aggravated
 
 *261
 
 battery on a child”; (b) “when a person ... [w]illfully tortures, maliciously punishes, or willfully and unlawfully cages a child”; or (c) “when a person ... [k]now-ingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.” § 827.03(2). A person may commit an aggravated battery in two ways: by “[ijntentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement” or by “us[ing] a deadly weapon.” § 784.045(l)(a). The first manner of committing aggravated battery (i.e., causing great bodily harm) is specifically referenced in section 827.03(2)(c) of the aggravated child abuse statute.
 

 In the instant case, count I of the information read as follows:
 

 [On] July 31, 2007 Gardner Lee Brownet
 
 [1]
 
 ] did willfully torture, maliciously punish or willfully and unlawfully cage [K.O.] [tracking section 827.03(2)(b) ], a child under the age of 18 years, or did knowingly or willfully abuse said child and in so doing caused great bodily harm, permanent disability or permanent disfigurement to said child [tracking section 827.03(2)(e) ], in violation of Florida Statute 827.03(2).
 

 Count I did not track the language of, or otherwise reference, section 827.03(2)(a), which provides that the crime of aggravated child abuse is committed when a person commits an aggravated battery on a child. And, count I made no reference to the defendant’s use of a deadly weapon as the basis for his commission of aggravated child abuse.
 

 During closing arguments, the prosecutor invited the jury to convict the defendant of aggravated child abuse based upon his use of a deadly weapon, i.e., the bat. And, the jury was instructed in part as follows:
 

 [T]he Defendant in this case, has been accused of the crimes of aggravated child abuse, aggravated battery and aggravated assault. To prove the crime of aggravated child abuse, the State must prove the following two elements beyond a reasonable doubt: ... number one, Gardner Lee Browne committed aggravated battery upon [K.O.], [K.O.] was under the age of 18 years.
 

 In order to prove that an aggravated battery was committed, the State must prove the following: Gardner Lee Browne intentionally touched or struck [K.O.] against the will of [K.O.], caused bodily harm to [K.O.]. In doing so, Gardner Lee Browne intentionally or knowingly caused great bodily harm, permanent disability, permanent disfigurement or
 
 used a deadly weapon,
 
 (emphasis added).
 

 Neither the prosecutor’s argument nor the instructions read to the jury were the subject of any objection at trial. Instead, for the first time on appeal, defendant insists that the giving of the preceding jury instruction was fundamental error since it permitted the jury to convict him of aggravated child abuse based upon a theory not charged in the information, i.e., by committing the crime of aggravated battery by using a deadly weapon. Defendant maintains that given the evidence at trial and the prosecutor’s arguments to the jury, it is impossible to determine which theory the jury relied upon in returning its guilty verdict of aggravated child abuse. The authorities support defendant’s argument.
 

 
 *262
 
 “A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty.”
 
 Zwick v. State,
 
 730 So.2d 759, 760 (Fla. 5th DCA 1999). ‘“[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.... [I]f one of the state of facts is alleged, it cannot be established by proof of another.’ ”
 
 Id.
 
 (quoting
 
 Long v. State,
 
 92 So.2d 259, 260 (Fla.1957)). For this reason, it is fundamental error to instruct the jury on a theory of the crime not charged in the information where evidence and argument are presented on the uncharged theory.
 
 See, e.g., Beasley v. State,
 
 971 So.2d 228 (Fla. 4th DCA 2008). This is so because under such circumstances it will ordinarily be “ ‘impossible to determine whether [the defendant] was convicted of a charged or uncharged offense,’ ”
 
 Cogbill v. State,
 
 940 So.2d 537, 539 (Fla. 1st DCA 2006) (quoting
 
 Debase v. State,
 
 920 So.2d 169, 170 (Fla. 1st DCA 2006)), and it is a due process violation to convict a defendant of a crime with which he was not charged,
 
 see Carswell v. State,
 
 23 So.3d 195, 198 (Fla. 4th DCA 2009).
 

 In
 
 Sanders v. State,
 
 959 So.2d 1232 (Fla. 2d DCA 2007), the evidence at trial established that the defendant struck the victim with a walking stick, the victim bled profusely, and the victim was taken to the hospital and received stitches. During closing argument, the State argued that misdemeanor battery, as opposed to aggravated battery, occurs where there is no great bodily harm, like the stitches. The jury was instructed on both theories of the aggravated battery, i.e., by “[i]ntentionally or knowingly causing] great bodily harm, permanent disability, or permanent disfigurement” or by “us[ing] a deadly weapon.” § 784.045(l)(a). The information, though, had charged the defendant with only aggravated battery with a deadly weapon. Given the evidence before the jury and the State’s closing argument, the error in the instruction was held to be fundamental error.
 

 Here, as in
 
 Sanders,
 
 the jury instructions and the State’s closing argument permitted the jury to convict the defendant based upon a theory of the crime not charged, i.e., the commission of aggravated child abuse as a consequence of the use of a deadly weapon. It is possible that the jury found that the defendant “intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement,” a theory that was instructed upon and which could fall within the indisputably charged violation of section 827.03(2)(c). It is also possible, however, that the jury convicted the defendant based upon his use of a deadly weapon, a theory not charged. This latter possibility cannot be excluded since the State specifically invited the jury to convict the defendant of aggravated child abuse based upon his use of a deadly weapon and the evidence of great bodily harm was debatable.
 

 The State seeks to avoid this result by arguing that it is too late for the defendant to complain that the information failed to charge aggravated child abuse as the consequence of the use of a deadly weapon and that the defendant invited any error. We reject both arguments. With regard to the former, we note that “ ‘[a]n information must allege each of the essential elements of a crime to be valid.’ ”
 
 Brown v. State,
 
 21 So.3d 108, 110 (Fla. 4th DCA 2009) (quoting
 
 State v. Dye,
 
 346 So.2d 538, 541 (Fla.1977)). Here, count I did not allege the use of a deadly weapon
 
 *263
 
 and it did not track the language of, or otherwise reference, section 827.03(2)(a)— the only portion of section 827.03 that could have supported a charge of aggravated child abuse as the consequence of an aggravated battery on the child with a deadly weapon.
 
 Compare DuBoise v. State,
 
 520 So.2d 260, 265 (Fla.1988) (stating that to cure the deficiency in the information, the statutory citation must be to “a specific section of the criminal code which sufficiently details all the elements of the offense”). Lastly, based upon our review of the record, we cannot say with certainty that defendant “invited error” in this case where the trial court was obligated to instruct the jury on the separate charged offenses of both aggravated child abuse and aggravated battery.
 

 Accordingly, the defendant’s conviction for count I is reversed and the matter remanded for a new trial. Our disposition of this issue makes it unnecessary for us to reach the remaining points raised on appeal.
 

 Reversed and Remanded.
 

 GROSS, C.J., and POLEN, J., concur.
 

 [1]
 

 . At trial, appellant spelled his last name as ''Browne,” and testified that he’s also “been called Gardner Browne, Isaiah Browne and Lee Browne.”