DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GUSTAVO A. REYES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4577

[September 3, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen Rapp, Judge; L.T. Case No. 2011CF009933AMB.

Carey Haughwout, Public Defender, and James McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph Tringali, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Gustavo Reyes appeals his convictions and sentences for one count of sexual battery by a person over age eighteen of a person under the age of twelve, one count of lewd and lascivious molestation, and one count of battery. He makes the following arguments on appeal: 1) the court abused its discretion by denying two of Appellant's juror challenges during voir dire, 2) Appellant's conviction for lewd and lascivious molestation must be reversed because the jury instruction on the charge did not mirror the charging information, 3) the trial court abused its discretion when it denied Appellant's motion for judgment of acquittal for sexual battery, and 4) the court abused its discretion by admitting statements made by the Victim to her mother under the child-victim hearsay exception. We affirm in all respects and write only to address Appellant's argument regarding the discrepancy between the information and jury instruction on his lewd and lascivious molestation conviction.

**Background**

This is a child molestation case stemming from events that occurred between Appellant and a three-year-old extended relative (the "Victim"). One day, the Victim's mother witnessed Appellant French-kissing the Victim. She immediately separated the Victim from Appellant, and the Victim told her mother that Appellant touched her private parts with his fingers and genitalia. After the Victim's mother called the police, Child Protective Services interviewed the Victim, who confirmed that Appellant molested her. Additionally, a physical examination of the Victim revealed that she had "nonspecific vaginitis."

Based on this information, law enforcement conducted a Mirandized interview of Appellant, who admitted that he kissed the Victim, that he digitally penetrated the Victim's vagina, and that he rubbed his penis on the Victim's vagina while she was wearing underwear. Appellant was subsequently arrested and charged by amended information with one count of sexual battery and three counts of lewd and lascivious molestation. The sexual battery count (Count I) was predicated on the allegation that Appellant penetrated the Victim's vagina with his finger. The three lewd and lascivious molestation counts were predicated on the allegations that: Appellant touched the Victim's vagina with his finger (Count II), Appellant touched the Victim's vagina with his penis (Count III) and Appellant "tongue kissed" the Victim (Count IV).

After considering the evidence, the jury found Appellant guilty of Count I (sexual battery), Count II (lewd and lascivious molestation), Count III (lewd and lascivious molestation), and of the lesser offense of battery on Count IV (originally lewd and lascivious molestation). The court adjudicated Appellant guilty of Count I, Count III, and Count IV, and imposed concurrent sentences of life without the possibility of parole on Count I, twenty-five years on Count III, and credit for time served on Count IV. The court did not adjudicate or sentence Appellant on Count II, as the state abandoned the charge due to double jeopardy concerns.

**Analysis**

Appellant takes issue with the jury instruction provided on Count III, lewd and lascivious molestation, which was predicated on the allegation that Appellant touched the Victim's vagina with his penis. Appellant did not object to the instructions given to the jury and, therefore, this Court can only review for fundamental error. "An erroneous jury instruction is fundamental when it reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the

2

assistance of the alleged error." *Abbott v. State*, 958 So. 2d 1140, 1142 (Fla. 4th DCA 2007) (citations and quotations omitted).

"A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty." *Zwick v. State*, 730 So. 2d 759, 760 (Fla. 5th DCA 1999). "'[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.'" *Deleon v. State*, 66 So. 3d 391, 393 (Fla. 2d DCA 2011) (quoting *Long v. State*, 92 So. 2d 259, 260 (Fla. 1957)). Thus, when the state limits a charging document to a specified factual theory, the jury instruction should not go outside of that factual theory. *See Trahan v. State*, 913 So. 2d 729, 730 (Fla. 5th DCA 2005).

The challenged instruction provided that the jury could find Appellant guilty of Count III if it found that he "intentionally touched in a lewd or lascivious manner the clothing covering the vagina and/or vaginal area of [the Victim] with his penis." Appellant argues that the inclusion of the phrase "the clothing covering" was impermissible since the information on Count III read as follows:

> COUNT 3: GUSTAVO A. REYES . . . did unlawfully and intentionally touch [the Victim]. A person less than 12 years of age, in a lewd and lascivious manner the breast, genitals, genital area, or buttocks, or the clothing covering them {or} did force or entice [the Victim] to so touch GUSTAVO A. REYES, in that GUSTAVO A. REYES did cause his penis to touch the vaginal area, or vaginal genitalia area of [the Victim], contrary to Florida Statute 800.04(5)(a) and (b).

Appellant's argument implies that there is a substantive difference between touching the clothes covering a body part and touching an actual body part. We disagree.

The constructs of the English language ignore the fact that a person is most likely wearing clothing when referencing the act of touching another's body, as the distinction is irrelevant to the act. By way of example, an information charging a defendant with battery would never allege that the defendant committed battery by "striking the victim on the shirt covering his arm." This is because the presence of clothing is irrelevant to whether the defendant struck the victim's arm. In this vein, even if the jury instruction had not included the challenged "clothes covering" language,

3

a reasonable jury would have understood that Appellant could still have "touched" the Victim's vagina with his penis even if the "touching" took place over a pair of underwear. Accordingly, the difference between the information and the jury instruction on Count III was, at the most, a matter of semantics and did not rise to the level of fundamental error. *See Johns v. State*, 838 So. 2d 635, 637 (Fla. 5th DCA 2003) (evidence that defendant attempted to place the victim's penis **on** his mouth supported jury's finding that defendant committed act charged in the information, which was that the defendant placed the victim's penis **in** his mouth as there is no material difference between the two acts).

Based on the foregoing, we affirm Appellant's judgment and sentence.

*Affirmed.*

TAYLOR and FORST, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**

4