DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOISES CASCANTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-389

[December 9, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. 11001029CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Moises Cascante ("appellant") was convicted of three counts of capital sexual battery of a child less than twelve years of age by a defendant eighteen years or older, pursuant to section 794.011(2)(a), Florida Statutes (2007). He claims that the court's oral finding of reliability at a child hearsay hearing was insufficient under section 90.803(23)(c), Florida Statutes (2013), to constitute a specific finding of fact on the record. Appellant argues that the court's oral finding was insufficient because a written order containing findings of reliability had to be filed in the court record prior to the presentation of that evidence. We disagree, and affirm.

The State filed a pretrial notice asserting that certain video evidence and testimony qualified for use at trial under the child hearsay exception in section 90.803(23), and the court held two child hearsay hearings on the issue before the trial. The court prepared a detailed written order granting the motion and reciting factual findings from those hearings a day after the jury trial began, but the order was not filed in the court

record by the time the evidence was admitted.[1]  Instead, the trial court filed its written order setting out specific findings of reliability on the day of the video's admission.

Section 90.803(23) requires "the State to give an accused prior notice of the potential use of a child's statements about an event, which then requires the Court to conduct a separate hearing to determine the reliability of the proposed evidence." *Farinacci v. State*, 29 So. 3d 1212, 1214 (Fla. 4th DCA 2010) (footnote omitted).  The statute provides:

> (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
>
> 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2. The child either:
>
> a. Testifies; or
>
> b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. . . .

---

[1] Defense counsel advised the court that a copy of the order had not been received prior to the time the State played the video at trial.  However, it is undisputed that the court completed its order shortly after the start of the trial.

. . . .

(c) *The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.*

§ 90.803(23), Fla. Stat. (2013) (emphasis added).

As the Florida Supreme Court has held:

Absent the specific findings of reliability mandated by the statute, a reviewing court cannot determine whether the statements were in fact reliable. Failure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant's constitutional right to confrontation.

*Hopkins v. State*, 632 So. 2d 1372, 1377 (Fla. 1994).

Here, "[t]he record reflects that the court cumulatively weighed numerous potential facts, such as time, circumstances, credibility, demeanor, spontaneity, internal consistency of the individual statements, and maturity of the child," *Reynolds v. State*, 660 So. 2d 778, 780 (Fla. 4th DCA 1995), thus satisfying the statutory requirements and providing the basis for this court's meaningful review of that decision. It is important to note that the appellant has not challenged the sufficiency of the court's order on appeal; rather, his only grievance is the time at which it was filed in the court record.

We disagree with appellant's assertion that the language in the statute is not satisfied unless the court files the specific findings in the record prior to the presentation of the evidence at trial. The rule does not explicitly require that the findings be filed in the record before the admission of the evidence under review. We hold that the trial court fulfilled its statutory obligation by making detailed written findings and filing them in the court record on the same day the evidence was received at trial.

*Affirmed.*

DAMOORGIAN and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***