KLINGENSMITH, J.
Brigid Lesovsky appeals from her conviction and sentence for two counts of lewd and lascivious molestation and one count of lewd and lascivious conduct.[1] She contends that there was insufficient evidence to support the conviction for lewd and lascivious conduct as it was charged in the information. After a thorough review of the record, we agree that the evidence was insufficient, and also find that her defense counsel was ineffective for failing to adequately address this issue below. We therefore reverse only her conviction for lewd and lascivious conduct.
The victim became acquainted with Le-sovsky while participating in youth sports. Over time, a closer relationship formed between the two and they began speaking with each other .almost daily. At one point, Lesovsky asked the victim about who she was attracted to, and offered to help the victim understand her sexuality. The victim’s parents eventually discovered the relationship and reported it to the authorities.
When interviewed by law enforcement, Lesovsky acknowledged that she had been meeting with the victim after school in her car, where the two of them would kiss. She also admitted that on one of these occasions she touched the victim’s breast, and on another occasion put her hand on .or in the victim’s vagina until the victim told her to stop.
The State filed an information against Lesovsky alleging that she had committed two acts of lewd and lascivious molestation — the first by “intentionally touch[ing] in a lewd and lascivious manner the breast, or the clothing covering it, of [the victim]” (“Count I”), and the other by “intentionally touch[ing] in a lewd and lascivious manner the genital area, or the clothing covering it, of [the victim]” (“Count II”). The information further alleged that Lesovsky, “being eighteen (18) years of age or older, did intentionally touch [the victim], a person under sixteen (16) years of age, in a lewd or lascivious manner by placing her tongue in the mouth of [the victim], contrary to F.S. 800.04(6)(a) and F.S. 800.04(6)(b)” (“Count IV”). (Emphasis added).
During the trial there was testimony that on at least one occasion Lesovsky kissed -the victim and used her hand to touch the victim’s breast and “groin area.” There was also evidence that on another occasion Lesovsky used her finger to penetrate the victim’s vagina. Regarding Count IV, the State asked the victim on direct examination, “[w]hen you say kissing, can you tell me what parts of your body you were using [f[ touching?” The victim responded by stating only that she and Lesovsky had kissed “[m]outh to mouth.”
In addition to this testimony, the State introduced text messages recovered from a cell phone Lesovsky had given to the victim, which identified Lesovsky by name and showed that Lesovsky had asked the *990 victim: 1) “[w]ho did I kiss a million times in the bathroom?”; and 2) “[c]an I kiss you places other than your head, too?”
Lesovsky moved for judgment of acquittal at -the conclusion of the State’s case, arguing that “[biased on the testimony, Judge, I don’t think the State has proven their case. I don’t think there’s any lewd or lascivious touching or anything inappropriate. I don’t think they’ve made their case.” The court denied the motion.
The jury convicted Lesovsky on Counts I, II and IV, and the trial court denied a renewed motion for judgment of, acquittal and motion for a new trial. In that combined motion, Lesovsky simply argued that the verdict was “contrary to law and the weight o'f the evidence,” and that “[t]he evidence produced at trial was insufficient to sustain the verdict.” This appeal followed. ‘
Our review of the record reveals there was sufficient evidence presented at trial to support Lesovsky’s conviction on both Count I and Count II. At issue here is whether there was enough evidence for the jury to convict Lesovsky of committing lewd and lascivious conduct under Count IV by “placing her tongue in the mouth of [the- victim].” The State maintains that the circumstantial evidence presented was sufficient to prove that Lesovsky placed her tongue in the victim’s mouth, despite the lack of.any direct evidence thereof. Lesovsky submits that her counsel was ineffective for failing to argue for acquittal with specificity.
As the Florida Supreme Court has noted:
Ineffective assistance of counsel claims present mixed questions of law and fact..- Thus, we employ a mixed standard of .review in which we defer .to the circuit court’s findings of fact that are supported by competent, substantial evidence, and we review that court’s application of law to those facts de novo.
Carter v. State, 175 So.3d 761, 767 (Fla.2015).
“To warrant reversal and a new trial” for ineffective assistance of counsel, a defendant “must establish that: 1) counsel’s actions were deficient; and 2) the deficiency so affected the trial that confidence in the outcome is undermined.” Morgan v. State, 146 So.3d 508, 514 (Fla. 5th DCA 2014). As the Fifth District explained in Morgan, “[t]he second requirement bears the moniker prejudice prong, and requires that [the defendant] establish that he was deprived of a fair trial with a reliable result.” Id. (citations omitted) (internal quotation marks omitted).
We recently explained that:
“The general rule is .that a claim of ineffective assistance of counsel may not be raised on direct appeal.” Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). “On rare occasions, the appellate courts make an exception' to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” Id.
For example, failure to move for a judgment of acquittal when the State has not proved an essential element of its case, when it is clear that the State could not reopen its case to prove that essential element, amounts to ineffective assistance of counsel that' may sometimes be adequately assessed from the record on direct appeal.

Id.

Bagnara v. State, 189 So.3d 167, 171 (Fla. 4th DCA 2016).
In Bagnara, this court held on direct appeal that defense counsel’s failure to move for judgment of acquittal on the basis that the State did not prove an element of the crime amounted to ineffective *991 assistance of counsel, requiring reversal. See id. at 172 (“As the State did not sufficiently prove the mower was worth more than $300 when stolen, it is plain from the face of the record that counsel’s failure to seek a judgment of acquittal on the grand theft charge constituted ineffective assistance of counsel.”). Similarly, in this case the. State failed. to present any evidence whatsoever that Lesovsky placed her tongue in the victim’s mouth. As such, this case presents a straightforward example of a situation where the evidence failed to establish that the offense was committed “in the manner charged.” Brown v. State, 41 So.3d 259, 262 (Fla. 4th DCA 2010) (“[Wjhere an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged — ” (alteration in original) (quoting Zwick v. State, 730 So.2d 759, 760 (Fla. 5th DCA 1999))); see also Reyes v. State, 149 So.3d 89, 91 (Fla. 4th DCA 2014) (holding that a “defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty.” (emphasis added) (quoting Zwick, 730 So.2d at 760)).
The Fifth District’s decision in Marra v. State, 970 So.2d 475, 476 (Fla. 5th DCA 2007), is directly on point with the factual situation presented here. There, the defendant was charged by information with committing lewd and lascivious conduct on a child “by tongue kissing or ‘French’ kissing.” Id. The child testified at trial and stated that he attempted to kiss her two separate times. Id. . ;
During the first attempt the defendant put his hand on the child’s mouth -“and tried to tongue kiss” her, but she turned her head away. Id. However, she knew the defendant was tongue kissing because his mouth “touched her face and ‘at one point he did get a little bit of spit in [her] mouth.’ ” Id. The second kiss was on the child’s lips, and she stated shq “knew it was a tongue kiss by the way it felt on her lips.” Id. (emphasis added). She also testified that “[a]t one point he got a little bit of his spit inside my mouth, but he didn’t kiss me inside my cheek.” Id. The Fifth District ultimately held that this evidence was insufficient to prove that the act was committed in the manner charged in the information, but instead only established a mere attempt to “tongue kiss” the child. Id. at 476-78.
We are cognizant of the fact that by moving for judgment of acquittal “a defendant admits all facts introduced into evidence and the court must draw every inference favorable to the prosecution.” Corpuz v. State, 733 So.2d 1048, 1049 (Fla. 4th DCA 1999). Based on this rule, the State asserts that the evidence relating to the other sexually-charged activity Lesov-sky engagéd in provided enough circumstantial evidence to support a finding that Lesovsky placed her tongue in the victim’s mouth. This argument, however, contradicts Reyes, Brown, and Marra.
Just like the absence of any evidence of “French kissing” in Marra,, 970 So.2d at 476, here the victim did not testify that she ever felt Lesovsky’s tongue anywhere on her face, much less in her mouth — rather, she merely stated that they kissed “mouth to mouth.” Despite the State’s contentions, the evidence pertaining to Lesov-sky’s lewd and lascivious molestation convictions , under Count I and Count II did not provide sufficient circumstantial evidence to support a finding.that she committed the entirely distinct act of placing her tongue in the victim’s mouth.
Simply put, the evidence was insufficient to establish that Lesovsky committed the lewd and lascivious conduct “in the manner *992 charged” in Count IV of the information. Reyes, 149 So.3d at 91-92; Brown, 41 So.3d at 262; Marra, 970 So.2d at 477. It would be a waste of judicial resources to postpone addressing this issue until Lesov-sky seeks post-conviction relief for ineffective assistance of counsel below, when her defense counsel’s deficient representation and the consequent prejudice thereof are indisputable from the face of the record before us. See Monroe v. State, 191 So.3d 395, 403 (Fla.2016) (explaining that “[a]n appellate court initially reviewing a conviction will only grant relief for ineffective assistance of counsel where the ineffectiveness of counsel is apparent from the face of the record before the appellate court and a waste of judicial resources would result from remanding the matter to the lower court for further litigation” (citing Robarás v. State, 112 So.3d 1256, 1267 (Fla.2013))).
In this case, there is no rational explanation or strategic reason for defense counsel’s failure to specifically argue, at any point during or after the trial, that Lesovsky could not be convicted as charged in Count IV in light of the complete absence of evidence that she placed her tongue in the victim’s mouth. See Bagnara, 189 So.3d at 171 (noting that a finding of ineffective assistance of counsel on direct appeal requires that “a tactical explanation for the conduct is inconceivable.” (quoting Corzo, 806 So.2d at 645)); see also White v. State, 183 So.3d 1168, 1170 (Fla. 4th DCA 2016) (stating that “a ground for a judgment of acquittal may be asserted for the first time in a post-trial motion”). This case presents one of the rare examples in which the ineffectiveness of trial counsel is cognizable on direct appeal.
For these reasons, we vacate Lesovsky’s conviction on Count IV of the information. Because reversal of Count IV will affect the sentencing scoresheet for the remaining lewd or lascivious molestation convictions we have affirmed, we reverse and remand for resentencing on Count I and Count II using a corrected scoresheet. See Ewing v. State, 56 So.3d 67, 68 (Fla. 2d DCA 2011) (“[Bjecause this reversal may significantly affect the scoresheet that the trial court used in sentencing [the defendant] for the other felonies, we reverse those sentences and remand for resentenc-ing.”).

Affirmed in part, Reversed in part, and Remanded.

GROSS and MAY, JJ., concur.

. Lesovsky was acquitted of one count of lewd ■ and lascivious battery.